568 P.2d 421
**STATE of Arizona, Appellee,**

v.

**Alex ROGEL, Appellant.**

No. 3904.

Supreme Court of Arizona,
En Banc.

July 19, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant Alex Rogel was charged in CR–93244 with one count of burglary, first degree, in violation of A.R.S. § 13–301 and 302 and one count of rape in violation of A.R.S. § 13–611 and 614. In CR–93589 he was charged with one count of first degree burglary in violation of A.R.S. § 13–301 and 302 and one count of assault with intent to commit rape in violation of A.R.S. § 13–252. Pursuant to a plea agreement, the appellant plead guilty to one count of rape and two counts of first degree burglary. Under CR–93244 the appellant was sentenced to serve from 10 to 15 years in the state prison for the burglary and from 25 to 30 years for the rape, the sentences to run concurrently. Under CR–93789 he was sentenced to serve 10 to 15 years, this sentence to run consecutively with the sentences imposed under CR–93244. From his conviction and sentences he appeals. We have jurisdiction pursuant to Rule 47(e)(5) of the Supreme Court Rules, 17A A.R.S.

Appellant first argues that his plea of guilty should be set aside on the grounds that the trial court failed to comply with Rule 17.2(b) of the Rules of Criminal Procedure, 17 A.R.S. That rule requires the trial court inform the defendant of the "nature and range of possible sentence for the offense to which the plea is offered . . ." prior to accepting the plea of guilty. The

appellant concedes that he was, in fact, informed of the maximum and minimum sentences imposable pursuant to the above-enumerated rape and burglary statutes under which he offered his plea of guilty. He argues nonetheless that because he was never informed that in addition to those sentences, he could be fined up to $200 pursuant to A.R.S. § 13–1647,[1] he was never advised of all possible sentences. We do not agree.

■ "The provisions of Rule 17.2 are intended to insure the voluntary and intelligent quality of the plea in accord with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)." *State v. Lee*, 112 Ariz. 283–84, 541 P.2d 383–84 (1975). While the imposition of a fine under § 13–1647 A.R.S. may have been a technical possibility, it was not an operative element of the sentence which was imposed, thus it did not affect the computation or effect of appellant's sentence or parole therefrom as was the case in *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976). For these reasons we hold that the possibility of the imposition of the fine under § 13–1647 was not an element required to be disclosed to appellant under Rule 17.2, Rules of Criminal Procedure or under the mandates of *Boykin*.

■ Appellant also argues that the State failed to comply with the terms of the plea agreement. The written agreement provided that the appellant would plead guilty to the two counts of burglary and one count of rape in return for the State's dismissal of a pending charge of assault with intent to commit rape. The agreement further provided that "the State" would make no recommendation whatsoever on sentencing. He argues that this latter promise was broken because the presentence report filed with the court contained a statement by Detective Moreno, the investigating officer, to the effect that the appellant should receive a lengthy sentence. Again, we do not agree.

First of all, the use of the presentence report in which the officer's recommendation was found was never objected to by defense counsel below. As such, his failure to object to the contents of the report constitutes a waiver of the objection and one we therefore need not address here.

■ However, considering the merits of the argument, we find that the agreement was not breached. Plea agreements are entered into by the defendant, who is usually represented by counsel, and the prosecution. The police participate in neither negotiations nor the agreement and have no voice in dictating what terms should be considered, bargained for or included. As such, we think it is evident that in entering a plea agreement containing provisions requiring certain conduct by "the State," it is the parties' mutual intent to use that term in referring only to the prosecutorial branch of the State. The provision requiring the State to stand mute on sentencing here obviously refers to and binds only the county prosecutor and was not intended to prohibit police officers from airing their opinions when specifically asked to do so by probation officers. Hence, the plea agreement was not breached.

Judgment of conviction and sentences affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

---

1. Section 13–1647 reads: "Upon conviction for a crime punishable by imprisonment in jail or prison and to which no fine is prescribed, the court may impose a fine on the offender not exceeding two hundred dollars in addition to the punishment prescribed."