623 P.2d 30

**STATE of Arizona, Appellee,**

v.

**Joseph Anthony GAYMAN, Appellant.**

**No. 1 CA–CR 4611.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 30, 1980.

Rehearing Denied Jan. 7, 1981.

Review Denied Jan. 27, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by J. D. Howe, Deputy Public Defender, Phoenix, for appellant.

## OPINION

WREN, Judge.

This appeal concerns an alleged violation by the state of a term of a plea agreement not to offer evidence in aggravation as to sentencing. We find that the state did not comply with the agreement and therefore reverse.

On October 5, 1979, the appellant, Joseph Gayman, was charged with aggravated robbery, a class 3 felony. On January 7, 1980, he entered into a plea agreement with the state which provided, *inter alia*; (1) that appellant would plead guilty to robbery, a class 4 felony, carrying a presumptive term of four years with a minimum of two years and a maximum of five years; (2) that probation was not available; (3) that defendant was to be sentenced to the Arizona State Prison; and (4) that the state was not to offer evidence of aggravation. On February 5, 1980, appellant was sentenced to the presumptive term of four years with credit being given for 139 days of presentence incarceration in the county jail.

The Public Defender's office thereafter filed an appeal under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), requesting that this Court search the record for fundamental error pursuant to A.R.S. § 13-4035 and *State v. Powell*, 5 Ariz.App. 51, 423 P.2d 127 (1967). Asserting a point of arguable error, the opening brief filed by the Public Defender quotes a portion of the probation officer's presentence report: "Mr. Paul Crum, county at-torney, states the defendant should get at least four years because he is dangerous and likes to hurt people." Defense counsel protested this statement to the court at the sentencing proceedings as being violative of the plea agreement provision not to offer evidence in aggravation. Defense counsel then urged certain "mitigating factors" to the court, pointing out that appellant denied having struck the victim, and calling for a sentence of two years, or between two and four years, as being more appropriate than the four year term recommended by the presentence report. The prosecutor then made the following comments:

MR. CRUM: Your Honor, I take somewhat of a different view than Mr. Foreman with respect to Mr. Gayman and his participation.

Miss Webb, who is Mr. Gayman's girlfriend, admitted that it was set up that this was something that she set up with Mr. Gayman that they had done this to other people coming out of that bar. Mr. Gayman was—had to be physically pulled off of the victim, to Mr. Coverly's credit and whoever else was involved. They ceased pounding on the victim after his money was removed, but Mr. Gayman continued to simply inflict injury upon the victim and I don't think there is any reason for mitigation in this case. R.T. 2/5/80 at page 6.

Appellant objected that these statements constituted evidence in aggravation. The prosecutor argued in response that he was not offering anything in aggravation; that he was only trying to set the record straight, since both the presentence report and the transcript of proceedings at the plea proceedings contained a denial by appellant that he struck the victim with his fists. We disagree.

This argument, voiced also in the state's brief, misses the mark. Prior to taking appellant's plea of guilty the following colloquy took place:

THE COURT: You also understand that the State will not offer any evidence in aggravation of your crime at the time of sentencing?

THE DEFENDANT: Yes.

R.T. 1/7/80 at page 4.

The promise was obviously an inducement to the entry of the plea of guilty. Appellant "bargained" and negotiated for a particular plea in order to secure a better deal. *State v. Davis*, 123 Ariz. 564, 601 P.2d 327 (App.1979). Yet, after the state entered into this agreement, the deputy county attorney who signed it made a statement to the probation officer to be placed in the presentence report for use by the trial judge in determining the appropriate sentence. This statement, although hearsay, was not controverted, and clearly equated to evidence in aggravation, as did the prosecution statement at the sentencing proceedings.

Nor can the state claim that appellant opened the door by minimizing his participation in the crime, even with a statement belied by the remainder of the record. Significantly, while the plea agreement proscribed evidence in aggravation by the state, there were no such strictures placed on appellant as to mitigating factors or argument to the court.

In *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971), it was held that:

> [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

Arizona has followed the reasoning of *Santobello* in holding that the state is bound by the terms of a written plea agreement which has been used to induce a guilty plea. *State v. Stone*, 111 Ariz. 62, 523 P.2d 493 (1974), *State v. Davis*.

The trial judge stated that the prosecutor's comments did not influence him in determining what sentence would be appropriate. While we have no reason to doubt that, the integrity of the plea bargaining process is involved and the promise which was broken still remained an inducement to the entry of the plea, regardless of the attitude of the trial judge or the nature of the sentence received. The fact that the presumptive sentence was imposed is likewise immaterial.

We do not here hold that the sentencing court was barred from considering the fact that appellant struck the victim, if such were brought out elsewhere in the presentence report or record before the court.

In so ruling we are mindful of the caveat expressed in *State v. Kelly*, 126 Ariz. 193, 613 P.2d 857 (1980) as to our concern about any agreement which misleads the court as to the facts surrounding the commission of the crime, or as to the character background of the defendant. Such agreements must not deceive the court or preclude the obtaining of complete presentence information by suppression or concealment.

Appellant has requested that the matter be remanded for preparation of a presentence report, exclusive of the prosecutor's remarks, and for sentencing by another judge. We agree that this is the proper course. It is therefore ordered that the sentence imposed be reversed and the cause remanded to the superior court for resentencing proceedings before a different judge. A new presentence report should be prepared consistent with this opinion.

Reversed and remanded.

CONTRERAS, J., concurs.

FROEB, Presiding Judge, dissenting.

I do not think the State violated either the "letter" or the "spirit" of the plea agreement in this case, although I recognize it to be a close question.

In the plea agreement, the State promised "not to offer evidence in aggravation." Notable by its absence is any promise that the State would not make a recommendation as to sentence.

Thus, when the prosecutor recommended a presumptive sentence to the presentence investigator, no violation occurred. The prosecutor's opinion that appellant is dangerous and likes to hurt people is not an "offer of evidence in aggravation."

On a different point, at sentencing, both counsel made statements to the court concerning the victim and details of how the robbery was accomplished. The State offered no evidence. There was no aggravation hearing. When counsel for appellant argued the crime happened one way, counsel for the State was entitled to argue it happened a different way.

I would affirm the sentence.