669 P.2d 1027

**STATE of Arizona, Appellee,**

v.

**Randolph Stephen BLOOM, Appellant.**

**No. 1 CA–CR 6276.**

Court of Appeals of Arizona, Division 1, Department B.

July 19, 1983.

Rehearing Denied Aug. 31, 1983.

Review Denied Oct. 4, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Cr. Div., Jessica Gifford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

OPINION

GRANT, Judge.

The sole question presented in this appeal is whether the state's breach of a stipulated term in the plea agreement not to conduct an aggravation hearing may constitute harmless error. We hold that the breach of the agreement does not constitute harmless error and remand for resentencing.

The facts pertinent to a resolution in this appeal are that on April 14, 1982, appellant plead guilty to Count I, aggravated assault, a class 3 dangerous nature felony, and Count IV, kidnapping, a class 2 dangerous nature felony. The state agreed to dismiss Counts II and III and allegations of prior convictions. The state further agreed, "not to conduct an aggravation hearing."

Following a mitigation hearing, the trial court imposed aggravated consecutive terms of nine years for Count I and 21 years for Count IV.

At sentencing, the prosecutor made the following statement:

Your Honor is aware by the terms of the plea agreement, that I agreed not to conduct an aggravation hearing and I think that would be the comments I do make and, well, I cannot go into any great detail, I don't believe, about Mr. Bloom's prior record or prior conduct or I would be conducting an aggravation hearing, but I do believe that I can render an opinion based upon the evidence that you have before you through the presentence investigation report and through the plea itself.

While I agree with Mr. Rood that Mr. Bloom probably is treatable, at least according to the doctors who examined him, that he is, I don't think we should completely give up on Mr. Bloom, I think he should have the opportunity to rehabilitate himself. Based on his prior conduct, this Court has to protect society from this man because he has inflicted a great deal of injury upon members of his society. I think this Court should ensure he spend an amount of time in prison, a great amount of time, to protect society from him. As to his cure, it, after all, is up to him.

Further, the prosecutor recommended maximum consecutive sentences to the probation officer. That recommendation was indicated in the presentence report as follows: "It is Mr. Imbordino's feelings that the defendant should be sentenced to the maximum amount allowed and that the sentences should be carried out consecutively."

■ The state confesses error and we find that because the prosecutor recommended maximum consecutive sentences to the probation officer and made his statement at sentencing requesting the imposition of a lengthy sentence, the prosecutor violated that portion of the plea agreement which provided that the state would not conduct an aggravation hearing. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Sodders,* 130 Ariz. 23, 633 P.2d 432, (App.1981); *State v. Gayman,* 127 Ariz. 600, 623 P.2d 30 (App. 1981). The state contends, however, that the error was harmless because the prosecutor provided no aggravating information to the trial court, because he was only one of several persons to recommend maximum consecutive sentences and because the trial court based the aggravated consecutive terms ultimately imposed on information obtained from sources other than the prosecutor. The state points out that in *State v. Sodders,* we found that because a letter written by the prosecutor and given by him to the probation officer which violated the terms of the plea agreement was not read by the trial court, the giving of the letter was harmless error.[1] The state urges this court to reach a similar conclusion in this case. We find, however, that the county attorney's argument at the presentence hearing and comments to the probation officer are distinguishable from the facts in *Sodders* and that they do not constitute harmless error.

In this case, the prosecutor, two victims, the chief investigating officer, and a father of a previous rape victim all recommended that the defendant receive maximum sentences. One of the victims in this case has a permanent scar on her neck which was inflicted by appellant. One of the physicians testified that appellant's amenability to treatment was poor. Another physician felt that appellant was amenable to treatment, but recommended treatment in a secure facility. Testimony was presented at the mitigation hearing indicating that appellant had raped other teenage girls at knifepoint, and was not prosecuted for those offenses. At imposition of sentence, the trial court found as aggravating circumstances the fact that appellant used a

---

1. It should be noted that in *State v. Sodders* we found that other prosecutorial violations of the plea agreement required resentencing.

knife, and threatened both victims with serious physical injury, wounding one in the neck. The trial court further found three prior felony convictions and the appellant's admission to raping two teenage girls at knifepoint earlier in his life to be aggravating factors. The trial court stated as the reasons for the imposition of consecutive sentences that appellant had a long history of violent sexually deviant behavior, and that the offenses in this case were, "the result of conscious decisions on your part to go out and do the acts you committed." The trial court also found that society needed to be protected from appellant for a period of at least 20 years.

It is in light of the foregoing facts that the state contends that its violation of the spirit of the plea agreement was harmless error. We disagree. In discussing the plea bargaining process, the United States Supreme Court stated in the often quoted language from *Santobello v. New York:*

> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

■ It is obvious from the record in this case that appellant bargained for an opportunity to present evidence in mitigation concerning his amenability to treatment without the state's presentation of evidence in aggravation. It is clear, and the state concedes, that the plea rested sufficiently on the prosecutor's agreement that a violation of that term of the agreement constituted a violation of the spirit of the plea agreement. Moreover, we find it neither relevant nor persuasive that other persons recommended the same sentence as that recommended by the prosecutor or that the

trial judge did not list as aggravating factors or reasons for imposing consecutive sentences matters argued by the prosecutor. We note that the U.S. Supreme Court granted relief in *Santobello* where the trial judge specifically stated on the record that the prosecutor's recommendation which violated the plea agreement did not influence him. The Supreme Court stated:

> Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration.

404 U.S. at 262–63, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

Further, we find that those facts in *State v. Sodders* on which we based our finding of harmless error are distinguishable from the facts in this case. In *Sodders,* our determination of harmless error was based solely upon a record which unequivocally revealed that the trial judge never read the prosecutor's letter which violated the spirit of the plea agreement. Our holding of harmless error was limited solely to the facts of that case. Considerations of fairness and efficiency of judicial administration require that we vigilantly maintain the integrity of the plea bargaining process. The prosecutor in this case not only violated the plea agreement by recommending to the probation officer that the trial court impose maximum consecutive terms, but also openly argued to the trial court at the mitigation hearing in favor of the imposition of a lengthy prison term. We do not know if the sentencing judge was influenced by the prosecutor's improper actions in this case. However, even if he was not influenced, we have never found such flagrant violations of the plea agreement to be harmless error. In *State v. Sodders* we found the prosecutor's argument in open court at sentencing a sufficient violation of the plea agreement to require resentencing. *See also State v. Davis,* 123 Ariz. 564, 601 P.2d 327 (App. 1979); *State v. ·Gayman.* The following language in *State v. Gayman* is pertinent:

The trial judge stated that the prosecutor's comments did not influence him in determining what sentence would be appropriate. While we have no reason to doubt that, the integrity of the plea bargaining process is involved and the promise which was broken still remained an inducement to the entry of the plea, regardless of the attitude of the trial judge or the nature of the sentence received. 127 Ariz. at 602, 623 P.2d at 32.

For the foregoing reasons, the judgments of guilty on the two counts are affirmed. The sentences imposed are vacated, and this case is remanded to the superior court for resentencing before a different judge. A new presentence report should be prepared deleting the prosecutor's recommendation, and a new presentence hearing should be held consistent with this opinion.

Remanded.

GREER and JACOBSON, JJ., concur.