702 P.2d 714

**STATE of Arizona, Appellee,**

v.

**David Urena ROMERO, Appellant.**

**No. 1 CA–CR 7958.**

Court of Appeals of Arizona,
Division 1, Department A.

April 16, 1985.

Review Denied July 2, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., David R. Cole, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Richard I. Mesh, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CORCORAN, Presiding Judge.

The sole issue in this appeal is whether the prosecutor violated the "spirit" of the plea bargain when he changed his recommendation at the sentencing hearing. We find that he did and remand to the trial court for resentencing.

The defendant was charged with one count of burglary. The state also filed an allegation of prior conviction. The defendant entered a guilty plea to the charge pursuant to a written plea agreement (agreement) which contained the express terms that "sentence up to court; however, if court orders imprisonment it will not exceed five years," and that the "state will not allege prior." Sentencing was postponed until a pre-sentence report could be prepared. The probation officer's report stated that:

> County Attorney Paul Crum felt the defendant's age may be a factor in giving the defendant another chance on probation. Mr. Crum was not strongly committed to this recommendation. He felt that if the defendant received another probation period that he should somehow be closely scrutinized by his probation officer. Mr. Crum felt the defendant has had several chances but has not been deterred.

At the sentencing hearing the defendant presented mitigation evidence in the form of an affidavit from the victim, several letters of recommendation from members of the City Council of El Mirage, verification of employment, and testimony from the defendant's sister concerning his attempts to change his lifestyle. The defendant also exercised his right of allocution pursuant to rule 26.10(b)(1), Arizona Rules of Criminal Procedure, but did not testify under oath. The state presented no evidence in aggravation, but did cross-examine the defendant's sister. When asked if he had any comments to make, the deputy county attorney, Paul J. Crum, began by stating that "I don't think I have heard more lies in one court on one case in a long time." He then went on to explain why he believed the defendant had lied concerning his employment, his living arrangements with his wife, and the report to his probation officer. The court then asked whether the state wished to change its original recommendation. Mr. Crum indicated that he was changing his recommendation and instead endorsed a prison sentence. Defense counsel immediately stated "for the

record" that in the process of negotiating the agreement, Mr. Crum indicated that he would not recommend prison. The prosecutor agreed with defense counsel and acknowledged that he had recommended probation to the probation officer, but could not do so now after listening to the defendant. The judge then proceeded to sentence the defendant. She listed seven aggravating factors which included the new recommendation by the state. She repeated that factor to make sure everyone understood. The defendant was sentenced to a four-year mitigated prison term.

■ The state first argues that the defendant's objection was not sufficient to preserve this issue for appeal. It relies on *State v. Rodriguez*, 117 Ariz. 70, 570 P.2d 1083 (App.1977). In that case the trial judge was not apprised of the conflict between the defendant's understanding of "recommendation" versus an "agreement." In the instant case, however, the trial court was advised of the discrepancy. That the defendant did not use the word "objection" does not amount to a waiver of the issue.

■ The central determination is whether the plea agreement, which does not contain any provisions regarding the prosecutor's recommendation, will control on its face, or whether the prosecutor's oral representation to the defendant that he would not recommend prison time must be incorporated into the agreement. Plea negotiations and agreements are governed by rule 17.4, Arizona Rules of Criminal Procedure. It provides that the terms of a plea agreement must be reduced to writing and signed by the defendant, defense counsel, and the prosecutor. Defendant does not claim that the prosecutor violated the formal terms of the agreement but instead relies upon *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) and *State v. Sodders*, 130 Ariz. 23, 633 P.2d 432 (App.1981) for the proposition that a breach of a plea agreement occurs either when the prosecution breaks its promise or when the spirit of the inducement is breached. Inducements for a guilty plea are binding upon the state.

*State v. Chavez*, 130 Ariz. 438, 636 P.2d 1220 (1981).

■ The state's claim that there is nothing in the record reflecting the prosecutor's agreement that he would not recommend prison time is not relevant since, as in *Santobello*, an oral promise is just as binding as if written directly into the plea agreement. There is no substance to the state's contention that *Santobello* may be distinguished because two different prosecutors were involved. If the entire prosecutor's office is bound by a promise, which is the implication of *Santobello*, then surely an individual prosecutor must be bound by his own promise.

■ The state contends that it was only attempting to correct incomplete facts or factual inaccuracies. It relies on *United States v. Block*, 660 F.2d 1086 (5th Cir. 1981), *cert. denied*, 456 U.S. 907, 102 S.Ct. 1753, 72 L.Ed.2d 164 (1982) in justifying its actions. In that case, the prosecutor contradicted the defendant's statement that relevant tax returns had been filed. The correction did not amount to taking a position on the sentence, however. As the *Block* court noted, "the Government is free to negotiate away any right it may have to recommend a sentence." 660 F.2d at 1091–1092. In the instant case, the prosecutor clearly made a representation to the defendant that he would not recommend prison time, but, at the sentencing, reneged on that promise by explicitly changing his recommendation. Further, there is no question that the trial court relied upon the prosecutor's new recommendation when imposing sentence. We find that the spirit of the agreement was clearly violated.

Unlike the trial judge in *Santobello* who stated that the prosecutor's agreement-breaching action did not influence him, in the instant case the trial judge insured the materiality of the breach by considering the changed recommendation as an aggravating factor. This is unacceptable. The State of Arizona when acting through its attorneys and their deputies must abide by the terms and spirit of its plea agreements,

and sentencing judges must require them to do so. While we might question whether it is possible to procure a trial judge who is completely unaware of the prosecutor's breach in this case, the bright line rule in *Santobello* is that the defendant is at least entitled to specific performance by the prosecutor in front of a different judge. 404 U.S. at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 427. *See also People v. Santobello*, 39 A.D.2d 654, 331 N.Y.S.2d 776 (1972) (holding that the interests of justice would be fully served by specific performance of the prosecutor's promise).

For the foregoing reasons, the sentence is vacated and the defendant is remanded for resentencing consistent with this opinion. Further, the prosecution is directed to abide by the terms and spirit of the agreement.

FROEB and OGG, JJ., concur.