787 P.2d 141

**STATE of Arizona, Appellee,**

v.

**Richard GEORGEOFF, Appellant.**

**No. 1 CA–CR 88–541.**

Court of Appeals of Arizona,
Division 1, Department A.

May 25, 1989.

Review Granted Oct. 3, 1989.

Robert K. Corbin, Atty. Gen. by Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

The issues on appeal are whether the state breached a provision of a plea agreement and whether the failure to bring that breach to the attention of the trial court constituted a waiver.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 7, 1986, the Maricopa County Grand Jury charged defendant by indictment with three counts of sale of narcotic drugs over $250, class 2 felonies. On December 17, 1987, defendant entered into a plea agreement in which he agreed to plead guilty to one count of the sale of narcotics, a class 2 felony. In exchange, the state dismissed the other two counts and the allegation of value over $250, and agreed not to allege prior convictions. No agreements were reached as to sentencing. However, the state stipulated that it would have no objection to probation. The presentence report also indicated that the prosecutor did not object to probation, but did not recommend it either. The probation officer recommended the minimum sentence.

Defendant failed to appear for sentencing on three occasions. The trial court issued a bench warrant for defendant's arrest that was executed on February 23, 1988. At the time of his arrest, defendant was charged with possession of dangerous drugs.

At the sentencing hearing, neither the original prosecutor nor the public defender who negotiated the plea agreement was present. When the court inquired as to the state's position regarding sentencing, the attending prosecutor responded that the original prosecutor supported the recommendation of the minimum term. He stated that his associate felt "there is no reason to place the defendant on probation." Neither defense counsel nor defendant objected to this recommendation. The trial court imposed the minimum sentence of 5.25 years. Again, neither defense counsel nor defendant objected.

Defendant timely appealed. We must decide the following issues:

1. Whether the prosecutor's change in his recommendation regarding probation at the sentencing hearing violated the plea agreement;

2. If so, whether defendant has waived the issue for appeal because he failed to object when the prosecutor made his statements;

3. Whether, if defendant had a valid objection, any error was harmless beyond a reasonable doubt; and

4. Whether, if defendant had a valid objection, intervening circumstances made the prosecutor's breach immaterial.

DISCUSSION

1. Breach of the Plea Agreement.

 Both defendants and the state benefit from the disposition of criminal charges by agreement. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). However, when a defendant relies upon a prosecutor's promise in agreeing to plead guilty "so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

In *Santobello,* the defendant pled guilty "on condition no sentence recommendation would be made by the prosecutor." At sentencing, a new prosecutor had replaced the one with whom the defendant had negotiated. The prosecutor recommended the maximum sentence. The court found the prosecutor's statement constituted a breach of the plea agreement. Whether the breach was inadvertent or whether the trial court was influenced by the recommendation was immaterial. The court held that the defendant had a right to a remedy but determined that the state court was in the best position to fashion one. Employing a contract law analysis, the court stated that the state court could either allow defendant to withdraw from the plea or could permit specific performance of the agreement by ordering resentencing before a different judge. *See generally,* Westin & Westin, *A Constitutional Law of Remedies for Broken Plea Bargains,* 66 Cal.L. Rev. 471 (1978).

In the present case, defendant claims the prosecutor violated the formal terms of his plea agreement with the state. Defendant relies on *State v. Romero,* 145 Ariz. 485, 702 P.2d 714 (App.1985), in which this court decided the prosecutor had violated the spirit of the plea bargain when he changed his recommendation by endorsing a prison sentence rather than adhering to his promise to recommend probation.[1] *Romero* held the defendant was entitled to be resentenced before a different judge. In the present case, the prosecutor promised not to object to probation. At the sentencing hearing the prosecutor present supported the recommendation that defendant be imprisoned and did object to probation. We conclude that the prosecutor's statements at sentencing were a breach of the plea agreement.

The state claims that even if we find a breach, defendant did not preserve the issue for appeal because he failed to object at the sentencing hearing. In the alternative, the state argues that if there was error, it was harmless beyond a reasonable doubt, or that defendant's actions after he pled made the prosecutor's breach immaterial.

---

1. The court held that a prosecutor's oral promise not to recommend prison time was just as binding as if written directly into the plea agreement.

### 2. Waiver.

 The state relies on *State v. Rodriguez,* 117 Ariz. 70, 570 P.2d 1083 (App. 1977), in claiming defendant waived the issue of the state's breach. We disagree. The waiver issue in *Rodriguez* was dictum; the actual holding being that a provision in a plea agreement that there was "no agreement concerning sentence" did not preclude the state from making a recommendation as to sentence.[2] In our opinion, the better reasoned cases hold that the failure of the state to honor a provision of a plea agreement constitutes fundamental error that is not waived by failure to object. *See Santobello,* 404 U.S. at 268, 92 S.Ct. at 502, Marshall, J., concurring and dissenting ("When a prosecutor breaks the bargain, he undercuts the basis for the waiver of constitutional rights implicit in the plea.").

As was stated by the California Supreme Court:

> That [diagnostic] study was one of the privileges that defendant had bargained for in exchange for his plea of guilty and waiver of his constitutional rights. Of course, there can be no waiver of a constitutional right absent "an intentional relinquishment or abandonment of a known right or privilege." (Citation omitted.) No less should a court presume from mere silence that defendant is waiving implementation of the consideration that induced him to waive his constitutional rights. Finding a waiver under the circumstances of this case would undercut the requirement that defendant's waiver of constitutional rights be intelligently made.

*People v. Mancheno,* 32 Cal.3d 855, 187 Cal.Rptr. 441, 447–48, 654 P.2d 211, 217–18 (1982) (footnote and citations omitted). *See also State v. Rutherford,* 107 Idaho 910, 693 P.2d 1112 (App.1985) (breach of a plea agreement by the state affects the voluntariness of the guilty plea and is fundamental error).

This court has also placed the breach of a plea agreement by the state in the fundamental error category. We have held:

> [A]ny error that takes from a defendant a right essential to his case constitutes fundamental error and is not waived (citation omitted). Where the defendant has been denied an essential component of due process, there is no question that such denial constitutes fundamental error.

*State v. Reidhead,* 152 Ariz. 231, 234, 731 P.2d 126, 129 (App.1986). Accordingly, we hold the failure to object to the state's breach of a plea agreement does not waive the issue.

### 3. Harmless Error.

The state contends that if reviewable error exists in this case, it was harmless beyond a reasonable doubt because the police officer, a former probation officer, and the presentence report probation officer all recommended imprisonment. It argues that the trial court relied on this information and not on the prosecutor's comments when it imposed sentence. The state claims that in *Romero,* this court found the prosecutor's breach material because the trial court relied on the prosecutor's recommendation.

The state's claim ignores both the clear holding in *Santobello* and Arizona case law. *See Santobello; State v. Bloom,* 137 Ariz. 250, 669 P.2d 1027 (App.1983); *State v. Gayman,* 127 Ariz. 600, 623 P.2d 30 (App.1980). Whether the trial court was influenced by the prosecutor's comments is not germane to an inquiry regarding the breach of a plea agreement. The Court granted relief in *Santobello* where the trial court specifically stated that the prosecutor's recommendation did not influence him. 404 U.S. at 262–63, 92 S.Ct. at 498–99. Furthermore, the state's perception that *Romero* 's holding rested on the prosecutor's influence over the trial court is inaccurate. The court in *Romero* found the prosecutor's statements to be a breach despite the state's contention that the prosecutor was attempting only to correct incomplete facts or factual inaccuracies. The court did not undermine the *Santobello*

---

**2.** Similar dictum appears in *State v. Rogel,* 116 Ariz. 114, 568 P.2d 421 (1977), which likewise found no breach of the agreement.

rule by referring to the court's consideration of the prosecutor's recommendation as insuring the materiality of the breach. Rather, the court emphasized the impropriety of the prosecutor's conduct.

In *State v. Bloom*, the state conceded that the prosecutor breached the plea agreement when he recommended maximum consecutive sentences to the probation officer and made statements at sentencing requesting imposition of lengthy sentences when the plea agreement provided that the state would not conduct an aggravation hearing. Determining that "[c]onsiderations of fairness and efficiency of judicial administration require that we vigilantly maintain the integrity of the plea bargain process" the court held that the violation was not harmless error. *Bloom*, 137 Ariz. at 252, 669 P.2d at 1029. The court found it irrelevant that others recommended the same sentence or that the trial court did not list the prosecutor's statements as aggravating factors. *Id.*

Furthermore, we find the concept of harmless error inapplicable when the issue of a prosecutor's breach is before us. *See People v. Mancheno*, 32 Cal.3d 855, 187 Cal.Rptr. 441, 654 P.2d 211 (1982). In *Mancheno*, the court stated:

> Defendant's entitlement to the benefit of his bargain cannot be predicated on the assumption that violation of the bargain must result in some measurable detriment. Because a court can only speculate why a defendant would negotiate for a particular term of a bargain, implementation should not be contingent on others' assessment of the value of the term to defendant.
>
> . . . . .
>
> Moreover, the concept of harmless error only addresses whether the defendant is prejudiced by the error. However, in the context of a broken plea agreement, there is more at stake than the liberty of the defendant or the length of his term. "At stake is the honor of the government, public confidence in the fair administration of justice, and the efficient administration of justice...."

187 Cal.Rptr. at 448, 654 P.2d at 218 (citations omitted).

We hold that when the prosecutor breaches his agreement with a defendant, such error may not be deemed harmless.

### 4. The Intervening Circumstances.

The state claims "sufficient intervening circumstances between the change of plea and the sentencing ... made the prosecutor's breach, if any, immaterial." The state refers to defendant's failure to appear for sentencing and the fact that defendant was charged with possession of dangerous drugs when he was arrested for failure to appear.

The plea agreement states that "defendant agrees that this agreement shall not be binding on the State should the defendant be charged with or commit a crime between the time of this agreement and the time for sentencing in this cause." Defendant breached the plea agreement when he was arrested before sentencing. The state's remedy for this breach, however, was not to violate the terms of the agreement as well. Rather, the state was under a duty to move to withdraw from the plea agreement if it did not wish to be bound to its terms. *See State v. Superior Court*, 125 Ariz. 575, 578, 611 P.2d 928, 931 (Ariz. 1980). In failing to do so, it waived any right to raise the issue of changed circumstances as the basis of its change in recommendation. *Cf. Ricketts v. Adamson*, 483 U.S. 1, 107 S.Ct. 2680, 2685, 97 L.Ed.2d 1 (1987) (agreement stipulated if defendant breached original agreement, charge will be automatically reinstated).

### CONCLUSION

We find the prosecutor in this case breached his agreement with defendant. A prosecutor's breach of a plea agreement is fundamental error that permits a defendant to seek review even if he failed to object. Such error cannot be deemed harmless. We thus remand for resentencing before a different judge.

BROOKS and CLABORNE, JJ., concur.