788 P.2d 1185

**STATE of Arizona, Appellant,**

v.

**Richard GEORGEOFF, Appellee.**

**No. CR–89–0213–PR.**

Supreme Court of Arizona, En Banc.

March 8, 1990.

Robert K. Corbin, The Atty. Gen. by Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Maricopa County Public Defender, Phoenix, for appellant.

MOELLER, Justice.

### JURISDICTION

Defendant entered into a plea agreement in which he pled guilty to one count of sale of narcotics, a class 2 felony. At sentencing, he received a mitigated sentence of 5.25 years. He appealed, contending for

the first time on appeal that the prosecution had breached the plea agreement by recommending prison, because the plea agreement provided that the prosecutor would not object to probation. The court of appeals held that the state breached the plea agreement, and that the breach amounted to fundamental error that defendant could raise for the first time on appeal. *State v. Georgeoff*, 163 Ariz. 242, 787 P.2d 141 (App.1989). We granted the state's petition for review. *See* Rule 31.19, Ariz.R.Crim.P., 17 A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24. We agree with the holding of the court of appeals that there was a breach but vacate its holding that the breach was fundamental error.

## ISSUES

1. Whether the plea agreement was breached when the prosecutor, at sentencing, recommended prison although the plea agreement provided that the prosecutor would not oppose probation.

2. Whether a breach of a plea agreement by the prosecution is fundamental error that can be raised for the first time on appeal.

## FACTS

The relevant facts were set forth in the court of appeals opinion as follows:

On December 17, 1987, defendant entered into a plea agreement in which he agreed to plead guilty to one count of the sale of narcotics, a class 2 felony. In exchange, the state dismissed the other two counts and the allegation of value over $250, and agreed not to allege prior convictions. No agreements were reached as to sentencing. However, the state stipulated that it would have no objection to probation. The presentence report also indicated that the prosecutor did not object to probation, but did not recommend it either. The probation officer recommended the minimum sentence.

Defendant failed to appear for sentencing on three occasions. The trial court issued a bench warrant for defendant's arrest that was executed on February 23, 1988. At the time of his arrest, defendant was charged with possession of dangerous drugs.

At the sentencing hearing, neither the original prosecutor nor the public defender who negotiated the plea agreement was present. When the court inquired as to the state's position regarding sentencing, the attending prosecutor responded that the original prosecutor supported the recommendation of the minimum term. He stated that his associate felt "there is no reason to place the defendant on probation." Neither defense counsel nor defendant objected to this recommendation. The trial court imposed the minimum sentence of 5.25 years. Again, neither defense counsel nor defendant objected.

*Georgeoff*, 163 Ariz. at 242–243, 787 P.2d at 141–142.

## DISCUSSION

In finding that the plea agreement had been breached, the court of appeals relied on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In *Santobello*, the prosecutor agreed to make no recommendation about the sentence. At sentencing, a stand-in prosecutor recommended the maximum one year sentence; defense counsel immediately objected. The United States Supreme Court found a breach of the agreement, stating:

when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Santobello*, 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

In the instant case, the written agreement included a provision that the prosecution would have no objection to probation. Clearly, such an agreement implies an agreement not to advocate a prison sentence. We agree with the court of appeals' conclusion that the prosecutor failed to comply with the terms of the plea agreement when he supported the recommenda-

tion of a prison term. *See, e.g., State v. Romero*, 145 Ariz. 485, 702 P.2d 714 (App. 1985) (prosecutor violated spirit of plea agreement when he changed his recommendation in contradiction to oral representation to defendant).

■ Because the prosecutor breached the plea agreement, we reach the issue of whether the breach constitutes fundamental error of the type which can be first raised on appeal. Generally, a party may not raise an issue for the first time on appeal. An exception to the general rule exists for error considered fundamental. As we have previously stated:

> Error is fundamental when it reaches " 'the foundation of the case or takes from the defendant a right essential to his defense,' " or is an " 'error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial.' " *State v. Thomas*, 130 Ariz. 432, 435–36, 636 P.2d 1214, 1217–18 (1982) (quoting *State v. Gamble*, 111 Ariz. 25, 26, 523 P.2d 53, 54 (1974), and *State v. Smith*, 114 Ariz. 415, 420, 561 P.2d 739, 744 (1977)).
>
> \* \* \* \* \* \*
>
> Only when the unobjected-to error may have "contribut[ed] to or significantly affect[ed] the verdict" is fundamental error present and reversal required, notwithstanding the lack of an objection below. *Thomas*, 130 Ariz. at 436, 636 P.2d at 1218 (citations omitted).

*State v. King*, 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988).

■ Two earlier Arizona cases bear on the question of whether a breach of a plea agreement by a prosecutor should be considered fundamental error: *State v. Rogel*, 116 Ariz. 114, 568 P.2d 421 (1977) and *State v. Rodriguez*, 117 Ariz. 70, 570 P.2d 1083 (App.1977). The court of appeals discounted the discussion of the issue of waiver in both *Rodriguez* and *Rogel* as dicta. Although dicta, the discussions on waiver are instructive on the issues before us.

*Rodriguez* involved a plea agreement with a written statement that the parties made "no agreement concerning sentence."

The county attorney then made a recommendation of a minimum prison sentence to the probation officer who prepared the presentence report. No objection was made in the trial court. *Rogel* involved a plea agreement that provided that "the State" would make no recommendation regarding sentencing. In the presentence report, the investigating officer recommended a lengthy sentence. On appeal, defendant objected to the use of the report for the first time.

In both *Rodriguez* and *Rogel*, the court stated that the absence of a timely objection in the trial court resulted in a waiver. *Rodriguez*, 117 Ariz. at 72, 570 P.2d at 1085; *Rogel*, 116 Ariz. at 116, 568 P.2d at 423. However, because in each case the appellate courts also held that the agreements had not been breached, the court of appeals in this case discounted the waiver discussions in *Rodriguez* and *Rogel* as mere dicta. The court of appeals, citing Justice Marshall's dissent in *Santobello*, concluded that the failure of the State to honor a provision of a plea agreement constitutes fundamental error that is not waived by defendant's failure to object in the trial court. *See Santobello*, 404 U.S. at 268, 92 S.Ct. at 502, 30 L.Ed.2d at 436 (Marshall, J., concurring in part and dissenting in part) ("when a prosecutor breaches the bargain, he undercuts the basis for the waiver of constitutional rights implicit in the plea").

In *Santobello*, defense counsel immediately objected in the trial court; thus, the issue of waiver or fundamental error was not presented. Furthermore, the Court in *Santobello* did not purport to characterize the breach of the plea agreement as fundamental error. Contrary to the court of appeals pronouncement of the "clear holding in *Santobello*," the United States Supreme Court cited no constitutional provision as the basis for its holding. The Court, however, clarified the ambiguity created by *Santobello* in *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). In *Mabry*, the Court stated:

> A plea bargain standing alone is without constitutional significance; in itself it is

a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution.

467 U.S. at 507–08, 104 S.Ct. at 2546, 81 L.Ed.2d at 442.

Finding *Santobello* to illustrate the proposition that "only when it develops that the defendant was not fairly apprised of its consequences can his plea be challenged under the Due Process Clause," the *Mabry* Court tied the holding in *Santobello* to a specific constitutional provision. *Id.* at 509, 104 S.Ct. at 2547, 81 L.Ed.2d at 443. *See generally* Kaplan, *Where Promises End: Prosecutorial Adherence to Sentence Recommendation Commitments in Plea Bargains,* 52 U.Chi.L.Rev. 751, 753–55 (1985).

Even constitutional rights may, of course, be waived. Not every constitutional violation, if there is one, is fundamental error. We believe the court of appeals has erroneously equated the breach of a plea agreement with fundamental error. The breach complained of here simply may not reach the level of fundamental error as we have defined it. Neither *Santobello* nor *Mabry* dictate or suggest that a prosecutor's change in his recommendation regarding probation at a sentencing hearing is a breach tantamount to fundamental error. In light of this analysis, the additional authority cited by the court of appeals is unpersuasive. *See, e.g., State v. Rutherford,* 107 Idaho 910, 693 P.2d 1112 (Ct.App. 1985) (relying on *Santobello* in concluding that breach of plea agreement by state affects voluntariness of guilty plea and is fundamental error); *People v. Mancheno,* 32 Cal.3d 855, 860, 187 Cal.Rptr. 441, 444, 654 P.2d 211, 214 (1982) (relying on *Santobello* in concluding that violation of plea bargain by state raises a constitutional right to a remedy).

The court of appeals also relied on its earlier case of *State v. Reidhead,* 152 Ariz. 231, 234, 731 P.2d 126, 129 (App.1986). In *Reidhead,* a probation officer made a recommendation at variance with one agreed to as part of defendant's admission to a probation violation. The *Reidhead* court, equating the breach to a due process violation, in apparent reliance on *Santobello,* held that the breach was fundamental error that could be raised notwithstanding the defendant's failure to object in the trial court. The analysis which we have set forth leads us to disapprove *Reidhead.*

Our conclusion that a breach of a plea agreement must not be raised for the first time on appeal does not leave a defendant remediless. Many claimed breaches of plea agreements may be easily and expeditiously resolved at the trial court level, very possibly with no change in the ultimate result. If defendant learns of the breach at or before sentencing, he may object and move to withdraw from the plea agreement, *see* Rule 17.5, Ariz.R.Crim.P., 17 A.R.S., or seek specific performance of the agreement. If the trial court finds a breach, various remedies will frequently be immediately available to solve the problem. In those cases in which a defendant believes he is entitled to relief notwithstanding the lack of an earlier objection, he may request relief by petition for post-conviction relief.[1] *See* Rule 32.1, Ariz.R.Crim.P., 17 A.R.S.; *see also State v. Anderson,* 160 Ariz. 412, 773 P.2d 971 (1989) (challenge to uncounseled conviction used for sentence enhancement, if not raised in trial court, must be challenged by petition for post-conviction relief under Rule 32). As we stated in *Anderson:*

The appellate process is taxed enough with the volume of cases that pose seri-

---

1. The instant case may be an appropriate one in which to find that the defendant did not knowingly waive the objection and should be relieved of the failure to make a contemporaneous objection. At the time of sentencing, he was represented by a different public defender than the one who was present at the time of the plea. This second attorney was apparently unaware of the terms of the plea agreement, although it was in writing. This case represents one of many cases which illustrate the problems created by the "warm body" approach of providing prosecutors and public defenders at criminal calendars. Such an approach should be avoided wherever and whenever possible.

438

ous questions for resolution. It is an abuse of the process to clog an already crowded docket with appeals that could easily be resolved under the Rule 32 process.

*Id.* at 415, 773 P.2d at 974. In *State v. Crowder*, 155 Ariz. 477, 747 P.2d 1176 (1987), we specifically condemned the practice of raising an issue concerning a plea agreement for the first time on appeal.

## DISPOSITION

A claimed breach of a plea agreement must first be raised in the trial court. We therefore do not reach the questions of whether the breach in this case was harmless error or was rendered immaterial by intervening circumstances as contended by the state. The opinion of the court of appeals is vacated. The conviction and sentence are affirmed.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.