804 P.2d 112

**STATE of Arizona, Appellee,**

v.

**Arnett Dushan ROSS, Appellant.**

**No. 1 CA–CR 88–442.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 21, 1990.

Reconsideration Denied Jan. 25, 1991.

---

Robert K. Corbin, Atty. Gen., by Jessica G. Funkhouser, Chief Counsel, Criminal Div., and Mark E. Dwyer, Asst. Atty. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

LANKFORD, Judge.

Arnett Dushan Ross appeals from his conviction for sexual assault, a class 2 felony and dangerous crime against children, and from the sentence of twenty-five years imprisonment. Counsel for Ross filed a brief complying with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), requesting that this court search the record for fundamental error pursuant to A.R.S. § 13–4035. The defendant then was granted additional time to file a supplemental brief *in propria persona.* No supplemental brief was filed.

Upon review of the record, this court ordered the state and counsel for the defendant to submit additional briefs addressing these two issues:

1. Did the trial court sentence the defendant to an excessive sentence?
2. Did the prosecutor's statements during sentencing breach the plea agreement between the defendant and the state?

## I.

At the time of the crime involved here, the defendant was fourteen years old. The defendant was initially charged by delinquency petition in juvenile court with one count of kidnapping and two counts of sexual assault.

The county attorney filed a motion to have the defendant transferred for adult prosecution. A transfer hearing was conducted on March 2 and 3, 1987. Notwithstanding the defendant's age, his low intelligence quotient, and the fact that both a clinical psychologist and a juvenile probation officer recommended against transferring the defendant because he was amenable to treatment in the juvenile system, the court ruled that the defendant should be transferred for adult prosecution.

The defendant was subsequently indicted and arraigned as an adult in superior court. The defendant then filed a motion in juvenile court to take a delayed appeal from the transfer order. The motion was granted.

However, on appeal by the state from the order permitting the delayed appeal, this court vacated the order of the juvenile court. This court found that the juvenile court had been without jurisdiction to grant the delayed appeal. This court reluctantly dismissed as untimely the juvenile's appeal from the transfer order because the appeal was not filed before the juvenile was indicted and arraigned as an adult.[1]

On February 28, 1988, the defendant entered into a written plea agreement with the state. The defendant agreed to plead no contest to one count of sexual assault, a class 2 felony and a dangerous crime against children. He also agreed to pay restitution not to exceed $2000. In exchange, the state promised that it would take no position on sentencing and would dismiss all other counts of the indictment.

During both the defendant's mitigation and sentencing hearings, the prosecutor cross-examined defense witnesses. Moreover, during defense counsel's argument at sentencing, the prosecutor interrupted and argued that an aggravated sentence would be appropriate. The superior court sentenced the defendant to a twenty-five year term of imprisonment, which must be

---

1. "[T]he orderly administration of justice requires that the motion for delayed appeal must be made prior to the time the transferred juvenile is held to answer or is indicted." *In re Maricopa County, Juvenile Action No. J–73355,* 110 Ariz. 207, 209, 516 P.2d 580, 582 (1973).

served to completion without possibility of parole. *See* A.R.S. § 13–604.01.

## II.

We first consider whether the aggravated twenty-five year prison sentence imposed on this fourteen-year-old defendant is an excessive sentence. Because no appeal from the order that the defendant be treated as an adult is before us, we are limited to deciding whether the sentence imposed in this case would be excessive as applied to an adult.

By any measure, this is a severe punishment. This is the maximum sentence that can be imposed under the law for the defendant's crime. He cannot be released until he is 39 years old, when he will have spent nearly two-thirds of his life in prison.

However, the crime involved here is a very serious one indeed, and its circumstances are abhorrent to civilized people. The defendant, accompanied by one adult and another juvenile, abducted a fourteen-year-old girl who had been riding her bicycle in a park. All three sexually assaulted the victim over an extended period of time.

■ Absent an abuse of discretion, a sentence within statutory limits will not be modified upon appeal. *State v. Hurley*, 154 Ariz. 124, 741 P.2d 257 (1987). Because the superior court investigated all facts relevant to sentencing and found aggravating and mitigating factors within the purview of A.R.S. § 13–702(D) and (E), we cannot find that the court sentenced the defendant in an arbitrary or capricious manner. *See State v. Stuck*, 154 Ariz. 16, 739 P.2d 1333 (App.1987); *State v. Jones*, 147 Ariz. 353, 710 P.2d 463 (1985); *State v. Germain*, 150 Ariz. 287, 723 P.2d 105 (App. 1986).

The record reflects that the superior court considered the defendant's young age and troubled upbringing as mitigating factors. However, the trial court found aggravating factors to outweigh these mitigating factors. Because the trial court has the discretion to weigh these factors, we will not reverse the defendant's sentence on the grounds that the superior court acted arbitrarily or capriciously. *State v. Walton*, 133 Ariz. 282, 650 P.2d 1264 (App. 1982).

■ Nor do we find that the sentence is so disproportionately severe that it violates state and federal constitutional provisions against cruel and unusual punishment. The defendant does not argue that his sentence violates eighth amendment and fourteenth amendment prohibitions against cruel and unusual punishment. However, if a mandatory penalty is so severe and disproportionate to the crime it punishes that it "shocks the conscience of society," it constitutes cruel and unusual punishment and cannot stand. *State v. Davis*, 108 Ariz. 335, 337, 498 P.2d 202, 204 (1972).

Similarly severe punishments for crimes against children have withstood previous attacks on constitutional grounds. *See State v. Jonas*, 164 Ariz. 242, 792 P.2d 705 (1990) (sentence of 25 years for selling small quantity of marijuana to a fourteen-year-old child not cruel and unusual punishment); *State v. Taylor*, 160 Ariz. 415, 773 P.2d 974 (1989) (aggregate sentence of 2,975 years for 85 counts of crimes against children not cruel and unusual punishment); *State v. Byrd*, 160 Ariz. 282, 772 P.2d 1135 (App.1988) (sentence of 12 years for touching vagina of eight-year-old child not cruel and unusual punishment). *But see State v. Bartlett*, 164 Ariz. 229, 792 P.2d 692 (1990) (sentence of 40 years for twenty-six-year-old male who had consensual sexual intercourse with two fourteen-year-old girls *is* cruel and unusual punishment). *See generally Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (setting forth factors to evaluate cruel and unusual punishment claims based on excessive sentences).

## III.

We next consider whether the state breached its plea agreement with the defendant. During the defendant's mitigation hearing, the prosecutor rigorously cross-examined the defendant's witnesses. During sentencing, the prosecutor also argued against the mitigated sentence sought

by the defendant and suggested that an aggravated sentence would be appropriate. The prosecutor argued as follows:

MS. GREENFIELD [prosecutor]: ... Very briefly, the state had agreed not to take a position as to a recommended sentence in this case. I don't intend to do that now. I think the facts of this case speak for themselves.

There are a few points that I think do need to be made. What Mr. Junker [defense counsel] just stated to the court about the defendant wavering, in the beginning may have been true. But ultimately he made the decision. He was driving the van, and at any time could have stopped the whole thing, but didn't. This defendant, unlike the other defendants, can see a light at the end of the tunnel. Even with a maximum sentence he will still be a young man when he gets out. I'm not advocating a maximum or minimum, or the presumptive sentence ...

Defense counsel then interposed an objection and the prosecutor attempted to continue this line of argument.

The superior court judge immediately and correctly recognized that the prosecutor was on thin ice.

THE COURT: Let me interrupt you. I do believe that for the purpose of preserving a correct and proper record, I would caution you—well, I would like you to back off.

MS. GREENFIELD: Fine.

THE COURT: For the record, I'm not influenced by the County Attorney's argument as to any particular sentence, minimum-maximum or maximum-minimum, or otherwise.

■ The prosecutor's cross-examination of defense witnesses in mitigation of sentence, standing alone, does not breach a plea agreement to take no position on sentencing. *State v. Limpus*, 128 Ariz. 371, 374, 625 P.2d 960, 963 (App.1981).[2] However, a prosecutor who responds negatively to an argument by defense counsel in support of mitigation breaches a plea agree-

ment to take no position on sentencing. *Id.* A breach occurs not only when the state directly breaks its promise, "but also when the spirit of the inducement, reasonably inferred from the written agreement, is breached." *Id.*, citing *State v. Davis*, 123 Ariz. 564, 567, 601 P.2d 327, 330 (App. 1979).

■ The state argues that the prosecutor's statements did not breach the plea agreement between the defendant and the state. The state's argument is simply unpersuasive. The prosecutor agreed to take no position on sentencing. The prosecutor plainly argued against a mitigated penalty and in favor of an aggravated sentence. The prosecutor clearly breached at least the "spirit of the inducement" to the plea agreement.

■ The state further argues that the prosecutor felt "compelled" to correct defense counsel, and to explain to the court that, given the defendant's youth, even a severe penalty would be appropriate. The state also argues that the prosecutor felt "the need" to present some closing remarks. Prosecutorial motives and justifications for failure to honor a plea agreement cannot excuse the breach of the plea agreement. *State v. Warren*, 124 Ariz. 396, 604 P.2d 660 (App.1979).

In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the United States Supreme Court held that when a plea rests in any significant degree on a promise by the prosecutor, so that it can be said to be part of the inducement or consideration, fairness requires that the prosecutor fulfill his or her promise. 404 U.S. at 261–262, 92 S.Ct. at 498–499.

■ A plea agreement allows the state to induce a defendant to plead guilty and waive his fundamental rights to a jury trial, to confront his accusers, to present witnesses in his defense, and to be convicted by proof beyond a reasonable doubt. To falsely inform a defendant of the consequences of his plea agreement, or to fail to

---

**2.** We note that in *Limpus,* defense counsel and the prosecutor had agreed that cross-examina-

tion to test the credibility of the expert's opinion was proper.

honor the terms of the plea agreement, violates constitutional due process. *See Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984) (a defendant who is not fairly apprised of the consequences of a plea can challenge the plea under the due process clause); *State v. Georgeoff,* 163 Ariz. 434, 788 P.2d 1185 (1990).

In *Santobello, supra,* the Supreme Court reversed the defendant's state court conviction. The state had promised to make no recommendation as to sentencing, and in return the defendant pled guilty. After many delays, a second prosecutor took over the case and urged a maximum sentence. Defense counsel immediately objected. The judge stated for the record that he was not influenced by what the prosecutor said, and then sentenced the defendant to the maximum prison term.

In the present case, the state also agreed to make no recommendation as to sentencing, and in return the defendant pled guilty. Induced to plead guilty by promises of the state, the defendant gave up his fundamental rights to a jury trial, to confront his accusers, to present witnesses in his defense, and to be convicted by proof beyond all reasonable doubt.

However, the state did not keep its promise. The state argued for a maximum term. Ross' sentence suffers the same fatal flaws as the defendant's sentence in *Santobello.*

#### IV.

■ We also reject the state's contention that the prosecutor's violation of the plea agreement was "harmless error." The prosecutor's breach of the plea agreement with the defendant cannot be deemed harmless error. *State v. Bloom,* 137 Ariz. 250, 669 P.2d 1027 (App.1983) (flagrant violations of a plea agreement are never harmless error).

■ Some errors require a showing of prejudice to the defendant to be reversible; some errors do not. Errors which undermine the basic fairness of the legal process require no proof of prejudice. *See*

*Satterwhite v. Texas,* 486 U.S. 249, 256, 108 S.Ct. 1792, 1797, 100 L.Ed.2d 284 (1988) ("some constitutional violations ... by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless"); *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967) ("some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error"). *See also State v. Gerlaugh,* 144 Ariz. 449, 698 P.2d 694 (1985) (when defendant denied counsel at a critical stage of trial, prejudice "presumed" to support ineffective counsel claim); *State v. Hilliard,* 133 Ariz. 364, 651 P.2d 892 (App.1982) (generally, if judge responds to issues of fact and law in absence of defendant and his counsel, reversible error is committed and defendant is not required to show actual prejudice). Harmless error can save a conviction or sentence from reversal in the face of error only if the error is a type which requires a showing of prejudice to be reversible.

■ A prosecutor commits reversible error when he violates his plea agreement with the defendant. Breaking a promise which induced the defendant to plead guilty rather than exercise his right to a jury trial undercuts the essential fairness and integrity of our system of justice. *State v. Gayman,* 127 Ariz. 600, 623 P.2d 30 (App.1980). *See Santobello, supra.* The defendant therefore need not show actual prejudice. It is an essential component of fundamental fairness that, when a defendant and the state enter into a particular agreement, the state must comply with its promises. *State v. Flowers,* 159 Ariz. 469, 471, 768 P.2d 201, 203 (App. 1989); *State v. Reidhead,* 152 Ariz. 231, 731 P.2d 126 (App.1986) (citing *Santobello, supra*); *Gayman,* 127 Ariz. at 602, 623 P.2d at 32.

■ A breach by the state of an agreement to make no recommendation on sentencing therefore constitutes reversible error. *Bloom,* 137 Ariz. at 252, 669 P.2d at 1029; *Limpus,* 128 Ariz. at 374, 625 P.2d at 963. The state's breach of its plea agree-

ment in this case cannot be excused as "harmless error."

For this reason, the prosecutor's breach cannot be deemed harmless even if the sentencing judge states that he or she was not influenced by the prosecutor's improper argument. In *Santobello*, the Supreme Court confronted the very situation here. The state claimed that the error was rendered harmless by the trial judge's statements—essentially identical to the judge's statements here—that the prosecutor's recommendation had not influenced him. The Court said that although it had no reason to doubt the judge's statement, "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty" required reversal. 404 U.S. at 262, 92 S.Ct. at 499.

## V.

The sentence in this case must be vacated. As in *Santobello*, on remand, the superior court may either assign this case to a different judge for resentencing, or allow the defendant to withdraw from his plea agreement.

JACOBSON, P.J., and GRANT, C.J., concur.