## MINNEAPOLIS PAPER COMPANY, a Corporation v. B. L. MONSEN.

### (157 N. W. 1031.)

In taking an appeal from a justice court, jurisdictional papers were first filed with the clerk and then withdrawn and served, and an admission of service indorsed thereon by the appellee within the statutory thirty days for appeal. The papers with said proof of service were returned to the clerk of the district court after said period for appeal had expired, so that the proof of service was not filed until after expiration of the statutory period for appeal; but, upon its being filed, it disclosed affirmatively that filing and service had both been made within the time allowed for appeal. *Held:*

Justice court — appeal from — jurisdictional papers — service of — clerk — filing with — statutory time — proof of service — not jurisdictional.

The filing of proof of service within the thirty-day period for appeal ·is not a jurisdictional prerequisite. Jurisdiction is vested by the filing and service of appeal papers within the statutory period. Proof thereof may be filed after expiration of said period, and the appeal will be valid and sustained as against a motion to dismiss subsequently made, when the facts of such timely service and filing affirmatively appear upon the record on appeal.

Opinion filed May 4, 1916.

An appeal from an order of the District Court of Sheridan County, *Nuessle,* J.

Reversed and appeal ordered reinstated.

*Peter A. Winter,* for appellant.

In appeal from justice court, the first step necessary to be taken is the service of the notice of appeal and undertaking, and the next, the filing of the notice and undertaking with the clerk or in his office. Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860.

If the papers are actually served and filed in time, proof of service is not a jurisdictional prerequisite, but such proof may be made after the time for appeal has expired. 24 Cyc. 655; Thompson v. Fargo Heating & Plumbing Co. 14 N. D. 405, 104 N. W. 525; Hall v. Superior Ct. 68 Cal. 24, 8 Pac. 509; State ex rel. Jones v. Brown, 30 Nev. 495, 98 Pac. 871.

*Geo. Thom, Jr.,* for respondent.

The mere filing mark by the clerk, of appeal papers, will not constitute a filing unless authorized by law. Eldridge v. Knight, supra; Thompson v. Fargo Heating & Plumbing Co. 14 N. D. 405, 104 N. W. 525.

Proof of service of the notice of appeal and undertaking must be produced and filed with such papers also, in order to give the district court jurisdiction. Rev. Codes 1905, § 677.

Goss, J. The district court dismissed a justice court appeal upon the following record: The justice court judgment was entered in plaintiff's favor December 23, 1913, by default after due service of summons. On January 14, 1914, or twenty-two days after the entry of judgment,

defendant filed in the office of the clerk an original notice of appeal, undertaking on appeal, and an answer; but none of said papers when so filed had been served on the plaintiff or its attorney. The notice of appeal, undertaking, and answer was then withdrawn from the files and served the next day, January 15, 1914, upon the attorney for plaintiff, who, on that day and of that date, indorsed his admission of service on all of said papers, and immediately served written notice of exception to the appellant's sureties. Notice of justification of sureties was then given, and at the time set therefor a new and sufficient undertaking on appeal was then given January 27, 1914. But the original notice of appeal, undertaking on appeal, and answer filed January 14, 1914, were not returned to the clerk's office until January 30th, or thirty-seven days after the entry of the justice judgment appealed from. As a result of such failure to return the files or refile said papers within the thirty days from date of entry of said judgment, no proof of service of the undertaking on appeal, notice of appeal, and answer was filed until after the expiration of the thirty-day period for appeal. This omission is the important and controlling fact on this appeal. Plaintiff promptly moved to dismiss the appeal, supporting the same by the files and an affidavit establishing that no proof of service of such jurisdictional documents was filed with the clerk of the district court until after the expiration of the period for appeal, and thereupon moved to dismiss the appeal for want of jurisdiction in that "defendant and appellant had failed to perfect his appeal within thirty days after rendition of the judgment herein." The district court granted said motion and dismissed the appeal for want of jurisdiction. Defendant appeals from the judgment entered thereon.

The papers when returned for filing after the expiration of the thirty-day limit for appeal disclosed by the admission of service on them that they had been served January 15, 1914, within the thirty-day period. This was the record when the motion to dismiss was made and granted. So the sole question presented on this appeal is whether the filing of proof of service within the thirty-day period for appeal is a jurisdictional requisite. If so, no jurisdiction vested in the district court. If not, jurisdiction vested on the filing and the subsequent service of said appeal papers within the statutory period. Our statute, § 9163, Comp. Laws 1913, defines the manner of taking an appeal

in the following language: "The appeal is taken by serving the notice of appeal on the adverse party or his attorney and by filing the notice of appeal together with the undertaking required by law, with the clerk of the district court of the county in which the appeal was taken." Sections 9165–9169 require the service and filing of the undertaking and the answer, judgment appealed from having been entered by default. No statutory provision requires, unless it be by inference only, that the proof of service be filed within the thirty-day period. The cases uniformly hold that to vest jurisdiction on the appeal the statute must be substantially complied with; but a distinction is drawn as to jurisdictional necessity of the return or proof of service between those statutes reciting it as a step in appellate proceedings and within the thirty-day period, and those statutes that do not expressly so require. Ours is in the latter classification. Under statutes similar to ours it is generally held that the jurisdictional requisite is the fact of service within the statutory time. Service in time having been had, proof thereof can be filed after expiration of the period for appeal, where it is not in express statutory terms required to be made within the time for appeal. "Return or proof of service of the notice of appeal must be made, served, and filed in accordance with statutory requirements. Where required by the statute, it must accompany and be filed with the notice and within the time prescribed, and it must show by positive statement that all the statutory requisites as to service have been complied with." 3 C. J. 1237. The converse must be true where not specially required by statute. A search of the cases discloses that many states, like those of Oregon and Minnesota, by statutes expressly require the proof of service to be filed with the other papers and within the statutory period for appeal. On the other hand, some statutes, like Washington, expressly provide that proof of service may be made, under certain circumstances, after the period for appeal. The question is an open one in this state. It is of more importance that the rule be settled than the way it is settled. Our statutes not requiring the filing of proof of service of jurisdictional appeal papers within the statutory time for appeal, the proof of the fact of such service within the period allowed for appeal may be made subsequent to the expiration of said period. The order of taking of the steps necessary for an appeal is immaterial so long as all jurisdictional steps are taken within the stat-

utory period for appeal; and when all are so taken within time jurisdiction is thereby vested in the district court. Of course proof of service must be made and filed, as service will not be presumed. Proof that the jurisdictional steps have been taken in time must affirmatively appear upon the record. Otherwise, the appeal is properly dismissed where the fact of service in time is not brought upon the record as a defense to a motion to dismiss for want of proof of service. But in this case at the time of the hearing upon the motion the record affirmatively disclosed that the jurisdictional papers had been both filed and served within the statutory period therefor. The appeal should not have been dismissed upon this record. The judgment appealed from, therefore, is ordered set aside, and likewise the order of the dismissal of the appeal on which it is based, and the District Court will reinstate said appeal. Appellant will recover costs upon this appeal.