W. Y. QUARTON, Respondent, v. H. E. O'NEIL, Appellant.

(200 N. W. 1010.)

**Justices of the peace — service of notice of appeal from justice court in civil action, and filing thereof, jurisdictional.**

1. In taking an appeal from a justice court in a civil action, the serving of the notice of appeal on the adverse party or his attorney and the filing thereof with the clerk of the district court, as required by § 9163, Comp. Laws 1913, are jurisdictional.

Note.—(1) Notice of appeal from justices of peace as jurisdictional, see 16 R. C. L. 403.

Justices of the peace — only material questions on motion to dismiss appeal are whether appeal lies, and, if so, whether legal requirements complied with.

2. On motion to dismiss an appeal, the only material questions are as to whether the appeal lies and, if so, whether the requirements of law respecting appeals have been complied with.

Appeal and error — order of district court dismissing civil appeal from justice court for jurisdictional reasons not appealable.

3. An order of the district court dismissing an appeal from a justice court in a civil action for jurisdictional reasons is not appealable.

Criminal law — order of district court dismissing appeal from justice court in criminal action not appealable.

4. An order of the district court dismissing an appeal from a justice court in a criminal action is not appealable.

Opinion filed November 5, 1924. Rehearing denied December 4, 1924.

Appeal and Error, 3 C. J. § 424 p. 588 n. 49; 4 C. J. § 2426 p. 602 n. 33. Criminal Law, 17 C. J. § 3308 p. 38 n. 97. Justices of the Peace, 35 C. J. § 464 p. 773 n. 69.

Appeal from the District Court of Foster County, *Coffey,* J.

Appeal dismissed.

*Hoopes & Lanier,* for appellant.

The terms fine, forfeiture and penalty are often used loosely and even confusedly. However, the term 'fine' has a distinct meaning: it is a pecuniary punishment, imposed by a lawful tribunal upon a person convicted of a crime or misdemeanor. Strictly speaking the term does not embrace those pecuniary penalties of forfeiture provided by statute that a civil action may be brought to recover. 25 C. J. 1148.

The word 'fine' as used in the statute, does not include fines imposed for breaches of municipal ordinances which are not also misdemeanors, and the proper remedy for the recovery of such fines may be by civil action. 25 C. J. 1151, note 51.

*C. B. Craven,* for respondent.

Where a statute creating a new offense and imposing a fine, also prescribes the mode of its enforcement, the mode so prescribed will be held to be exclusive. 25 C. J. 1151, and cases cited, note 57.

Under a statute providing that the fine imposed for a violation of

its provision may be enforced by a criminal prosecution or sued for and recovered before a Justice, a suit for the fine is not a criminal prosecution that is a civil action in which a recovery is justified by the preponderance of the evidence. Proctor v. People, 24 Ill. 599.

It is a general rule that where two clauses of a statute are irreconcilable, the clause which is directed especially to the matter, in preference to others mentioning it incidently only, will control. 26 Am. & Eng. Enc. 619; Long v. Culp, 11 Kan. 412; Griffith v. Carter, 8 Kan. 565; 36 Cyc. 1151, cases cited, notes 54 to 60; Reeves & Co. v. Bruening (N. D.) 114 N. W. 313.

The constitutionality of a statute will not be determined on the questions being raised in a collateral proceeding. 12 C. J. 783 and cases cited, notes 12–20 inclusive.

NUESSLE, J. Section 1040, Comp. Laws 1913 provides:

"Any board of election or any member of any board of election who willfully and knowingly rejects any legal vote shall be subject to a fine of $50.00 to be collected in a civil action before any justice of the peace in the name and for the benefit of the person aggrieved."

The plaintiff and respondent began a civil action in the justice court of Foster County against the defendant and appellant to recover the sum of $50.00 claimed by him under the provisions of the statute above set out. The defendant appeared on the return day with his counsel. The case went to trial. Witnesses were summoned and sworn and testimony heard. The court found in favor of the plaintiff and respondent and entered judgment for the amount claimed together with costs. Thereafter and within the statutory period the defendant attempted to perfect an appeal to the district court of Foster County. He procured, served and filed in the office of the clerk of court an undertaking as contemplated by § 9165, Comp. Laws 1913, but wholly failed to serve any notice of appeal on the adverse party or his attorney. Neither did he in any manner give any notice to the justice that he intended to or was attempting to perfect an appeal. Subsequently and after the expiration of the thirty-day period within which an appeal might be perfected, the plaintiff and respondent moved for a dismissal of the attempted appeal upon the ground and for the reason that no notice of appeal had been served, as required by law, nor filed in the

office of the clerk of the district court. This motion was made upon a certified copy of all the records and files, including the transcript of the records from the justice court, and the affidavit of the attorney for the plaintiff and respondent setting out the facts with reference to the matter. The motion came on to be heard, appellant appearing in opposition thereto, and the district court granted the motion and dismissed the appeal. The appeal to this court is from such order of the district court.

The appellant here contends in support of this appeal that the action is criminal and governed by the rules of criminal procedure; that if it be held to be a civil action and the statute be construed as contemplating a civil action governed by the rules of civil procedure, it is unconstitutional as contravening § 15, article 1, of the Constitution of North Dakota and § 1 of article 14, Amendments to the Constitution of the United States; that no valid judgment has ever been entered in the case; that the appeal from the justice court to the district court is controlled by the rules governing appeals in criminal cases and that so considered it was properly taken, and that therefore the action of the district court in dismissing the appeal was erroneous.

On the other hand, the respondent insists that the statute in question contemplates a civil proceeding; that the fine therein mentioned is in the nature of liquidated damages for the wrong done; that the statute is constitutional; that in any event the action that was begun in the justice court was begun as a civil action; that all the rules of civil procedure were followed; that the defendant, as appears from the record, treated it as a civil action; that the undertaking served and filed was an undertaking as required in civil appeals and not that required in a criminal appeal; that in no respect did the appellant consider or treat the cause as a criminal cause until the motion to dismiss was made in the district court; that even though the statute be unconstitutional the point can not be raised on a motion to dismiss the appeal and that such an attack is collateral; and that the order of the district court granting the motion to dismiss the appeal from the justice court was right and proper under the circumstances.

An examination of the record discloses beyond any question that the action was begun as a civil action and that it was treated by all the parties thereto as such. It was grounded upon the statute which ex-

pressly provides that the recovery shall be by civil action in the name and for the benefit of the party aggrieved. The summons was in the form as provided for civil actions by § 9021, Comp. Laws, 1913. The relief demanded was a money judgment. The defendant appeared in response thereto, and without raising any question as to the propriety of the action or the procedure followed participated in the trial. Testimony was offered in his behalf and when judgment was entered against him he procured, served on the attorney for the plaintiff, and filed with the clerk, an undertaking in accordance with the requirements of § 9165, Comp. Laws, 1913. True, he did not serve any notice of appeal on the respondent or his attorney, or file such notice with the clerk of the district court as required by § 9163, Comp. Laws, 1913, but neither did he, so far as the record shows, in any manner indicate that he considered the action to be a criminal action. He gave no notice to the justice, as required on an appeal in a criminal action by § 9175, Comp. Laws, 1913, nor did he demand that the bail be fixed or tender any undertaking or deposit therefor. Thus, it appears plain that all the parties considered and treated the action as a civil action.

There is no question but that the statutory requirements as to the perfecting of an appeal in a civil action were not complied with. No notice of appeal was served and filed. Such service and filing are jurisdictional. See Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860; Aneta Mercantile Co. v. Groseth, 20 N. D. 137, 127 N. W. 718; Minneapolis Paper Co. v. Monsen, 34 N. D. 201, 157 N. W. 1031. Appellant concedes this to be so, but insists that the action is in fact criminal and that the rules governing civil procedure do not apply. He insists that to hold otherwise renders the statute on which the action is based unconstitutional.

It is sufficient answer to this contention to say that the action in the justice court was in all respects considered and treated as a civil action. No appeal as in a criminal action was in any manner attempted. The merits of the cause can not be considered. On motion to dismiss an appeal there may be but two material questions. First, as to whether or not an appeal will lie; and, second, as to whether the requirements of law respecting appeals have been complied with. See 4 C. J. 602 and cases cited under note 33. Here no appeal was properly perfected, and there was no error in granting the motion to dismiss.

While we have thus above considered and disposed of the question as to the propriety of the order of the district court we call attention to the fact that such order is not appealable whether the action be considered as civil or criminal. No appeal will lie from an order of the district court dismissing an appeal from a justice court in a civil action for jurisdictional reasons. See Re Weber, 4 N. D. 119, 28 L.R.A. 621, 59 N. W. 523; Lough v. White, 13 N. D. 387, 100 N. W. 1084.

Neither will an appeal lie though the action be considered criminal as the appellant contends. There is no right of appeal in the absence of a statute conferring such privilege. See State v. Fortune, 29 N. D. 289, 150 N. W. 926. The only statute designating the particular decisions from which an appeal will lie on the part of the defendant in a criminal action is § 10,992, Comp. Laws, 1913, which provides as follows:

"An appeal may be taken by the defendant: (1) From a final judgment of conviction. (2) From an order refusing a motion in arrest of judgment. (3) From an order denying a motion for a new trial. (4) From an order made after judgment affecting any substantial right of the party."

We think it is plain that the order here complained of is not within the purview of this section.

The appeal to this court will therefore be dismissed. It is so ordered.

BRONSON, Ch. J., and JOHNSON, BIRDZELL, and CHRISTIANSON, JJ., concur.