STATE of North Dakota, Plaintiff and Respondent,

v.

Bernard William JOHNSON, Defendant and Appellant.

Cr. No. 333.

Supreme Court of North Dakota.

April 27, 1966.

Helgi Johanneson, Atty. Gen., Bismarck, and Richard B. Thomas, State's Atty., Minot, for plaintiff and respondent.

Ella Van Berkom, Minot, for defendant and appellant.

TEIGEN, Chief Justice.

On September 3, 1965, the defendant moved the District Court of Ward County for the dismissal of a criminal action brought against him on the following ground:

That the Defendant, Bernard William Johnson, was on the 19th day of September, 1961, held to answer for a public offense, to-wit, burglary; that no information has been filed, nor indictment found against him at the next general term of the District Court at which a jury was called.

The District Court denied the motion, and this appeal is attempted from the order of denial.

At the outset we are met by the contention of the State that the order of the District Court denying the defendant's motion to dismiss the prosecution is nonappealable. If this contention be sound, this court is without jurisdiction to entertain this appeal, and it must be dismissed without a consideration of the merits involved.

Section 29–28–06, N.D.C.C., provides that an appeal may be taken by the defendant from the following:

1. A verdict of guilty;

2. A final judgment of conviction;

3. An order refusing a motion in arrest of judgment;

4. An order denying a motion for a new trial; or

5. An order made after judgment affecting any substantial right of the party.

 There is no right of appeal in the absence of a statute conferring such. State v. Fortune, 29 N.D. 289, 150 N.W. 926; Quarton v. O'Neil, 51 N.D. 842, 200 N.W.

1010. Since Section 29–28–06, supra, does not authorize an appeal from an order denying a defendant's motion to dismiss the prosecution against him, the contention of the State is well taken and requires a dismissal of this appeal.

Appeal dismissed.

STRUTZ, ERICKSTAD, and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.