STATE of North Dakota, Plaintiff
and Appellee,

v.

John C. WEISZ, Defendant
and Appellant.

Cr. No. 1005.

Supreme Court of North Dakota.

Oct. 23, 1984.

Terry W. Elhard, State's Atty., Ashley, for plaintiff and appellee State of N.D.

Frank J. Wikenheiser, of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Linton, for defendant and appellant.

VANDE WALLE, Justice.

· John C. Weisz appealed from the criminal judgment and commitment entered by the district court of McIntosh County convicting Weisz of unauthorized use of a motor vehicle. We affirm the conviction.

On October 31, 1982, in the early morning hours, Weisz and Warren Martz took a Lehr public school bus without the owner's consent. While driving the bus, Weisz struck and damaged five mailboxes. Later Weisz and Martz entered a hayfield and used the bus to push hay bales. Weisz drove the bus over a large bale and the bus became immobilized. Weisz and Martz used the bus's fire extinguisher and then they abandoned the bus. Subsequently, the bus was totally destroyed by fire.

Weisz was tried twice for different crimes that arose out of the October 31, 1982, school bus incident. On October 6, 1983, a jury convicted Weisz of criminal mischief under Section 12.1–21–05, N.D.

C.C., for damaging the five mailboxes. On November 15, 1983, Weisz was tried before the district court judge for the crime of unauthorized use of a motor vehicle under Section 12.1–23–06, N.D.C.C. Evidence at this trial showed that the school bus was totally destroyed by fire. The clerk-treasurer of the Lehr school district testified that the school district received $14,000 in insurance proceeds for the destroyed bus. On appeal Weisz raises two issues.

## I

Weisz contends that the trial court should have granted judgment of acquittal under Rule 29, N.D.R.Crim.P., on grounds of double jeopardy because he had already been convicted of criminal mischief arising out the same school bus incident.

The doctrine of double jeopardy generally provides that a person may not be tried a second time for the same offense. 22 C.J.S. *Criminal Law* § 238, p. 615. Double jeopardy does not exist unless all the elements of the first crime are included in the second crime. E.g., *State v. Pendergast*, 340 N.W.2d 454 (N.D.1983). See also *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *State v. Spann*, 287 N.W.2d 406 (Minn.1979). When a defendant is put in jeopardy for one act, prosecuting him for a separate and distinct act is not prohibited even though the evidence offered to establish both crimes substantially overlaps.

It is obvious that damaging mailboxes is separate and distinct from using a motor vehicle without the owner's consent. We conclude that Weisz was properly charged and convicted of separate offenses and that double jeopardy does not exist.

## II

Weisz argues next that the trial judge should have granted his motion for judgment of acquittal because the evidence at trial was insufficient to support a conviction for the unauthorized use of a motor vehicle. Specifically, Weisz contends that the State failed to prove that his criminal act caused over $500 damage to the school bus, a necessary requisite for a felony conviction.

When a defendant challenges the sufficiency of the evidence to sustain his conviction, past decisions require that we undertake a limited review of the evidence presented to the trier of fact. In such a case, we will review only the evidence which favors the verdict to ascertain whether or not the trier of fact could have rationally found that the essential elements of the crime were established beyond a reasonable doubt. *State v. Morris*, 331 N.W.2d 48 (N.D.1983); *State v. Demery*, 331 N.W.2d 7 (N.D.1983); *State v. Manke*, 328 N.W.2d 799 (N.D.1982). We conclude that there was sufficient evidence for the trier of fact to reasonably determine that Weisz damaged the school bus in excess of $500.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.