131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathleen Paige GANNON, Petitioner-Appellant,
v.
Dale COPELAND; Grant Woods, Attorney General of the State
of Arizona, Respondents-Appellees.
 No. 96-16926.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1997.
Decided Oct. 22, 1997.
 
 1
 Appeal from the United States District Court for the District of Arizona.
 
 
 2
 Before SNEED, SCHROEDER, and BRUNETTI, C.J.'s.
 
 
 3
 MEMORANDUM*
 
 
 4
 Katherine Gannon appeals the district court's denial of her 28 U.S.C. § 2254 petition for writ of habeas corpus. Gannon claims that she received ineffective assistance of counsel because her attorney counseled withdrawing from a conditional plea agreement and proceeded to trial with an insanity defense, instead of remaining subject to the plea agreement and seeking specific performance of the terms.
 
 
 5
 We review the district court's denial of a 28 U.S.C. § 2254 motion de novo. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.1996). We affirm.
 
 
 6
 At the time Gannon entered the plea agreement, Arizona did not maintain a psychiatric treatment center for incarcerated females.[1] The plea agreement was as follows:
 
 
 7
 The court shall recommend out of state compact placement in a psychiatric facility. The state will ask the D.O.C. to notify defendant's family members when she is released from custody or escapes. Plea may be withdrawn if
 
 
 8
 1) defendant is not transferred on interstate compact to a California psychiatric unit in the California state prison system within 6 months, or
 
 
 9
 2) defendant is not kept in Maricopa County Jail psychiatric unit pending transfer to California, or
 
 
 10
 3) defendant is not kept in a psychiatric treatment unit during her sentence unless such custody is no longer required.
 
 
 11
 The ADOC was not successful in finding placement for Gannon in California or any other out-of-state facility. Gannon's attorney counseled withdrawing from the plea, pursuant to the conditional stipulation. Gannon's attorney then pursued an insanity defense at trial.
 
 
 12
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation was unreasonable under objective professional standards and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-694 (1984). We are faced with one question: under the circumstances presented to Gannon's attorney, was it objectively unreasonable to counsel withdrawing from the conditional plea? We hold that it was not.
 
 
 13
 The plea agreement did not guarantee placement in a California facility. Secondly, even if it did, Arizona law did not bind the ADOC to the plea agreement. State v. Rogel, 568 P.2d 421, 423 (Ariz.1977); State v. McFord, 564 P.2d 935, 937 (Ariz. Ct. App 1977). Finally, clear and legitimate evidence was available to counsel that demonstrated Gannon's insanity at the time of the offense. Therefore, it was not unreasonable for Gannon's attorney to decide not to seek further hearings on Gannon's placement and specific performance of the terms, but instead counsel proceeding to trial with an insanity defense. Tactical decisions that are not objectively unreasonable do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689; Hughes v. Borg, 898 F.2d 695, 703 (9th Cir.1990) (tactical decision regarding plea not ineffective assistance unless objectively unreasonable).
 
 Accordingly, the district court ruling is
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Gannon entered the plea agreement in August of 1988. On March 19, 1993, the U.S. District Court for the District of Arizona found that the ADOC discriminated against females in the delivery of mental health care in violation of the equal protection clause. See Casey v. Lewis, 834 F.Supp. 1477, 1551 (D.Ariz.1993). Pursuant to Kimmelman v. United States, however, we must continually endeavor to protect our analysis from the distorting effects of hindsight. 477 U.S. 365, 386-87 (1986)